IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD IBEABUCHI ADINDU, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:20-cv-01056-C (BT) |
| | § | |
| WILLIAM BARR, et al. | § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Petitioner Richard Ibeabuchi Adindu's *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. For the following reasons, the Court should dismiss the petition under Fed. R. Civ. P. 41(b).

I.

On April 28, 2020, Adindu and five other detainees at the Prairieland Detention Center filed a joint habeas petition challenging their detention and seeking release due to their concerns about possible exposure to the COVID-19 virus while in detention. On May 5, 2020, the Court mailed Adindu and the other detainees a notice of deficiency and order advising them that they are not permitted to proceed jointly. Order (ECF No. 6) (citing *Yancey v. Corbett*, 2007 WL 1149884 at *1 (E.D. Pa. Apr. 12, 2007) ("There is not authority for permitting multiple petitioners to file one single petition for habeas corpus relief."). The Court severed the petition into separate actions as to each detainee and ordered each

1

detainee to file an amended petition stating their individual claims and providing their individual factual bases for relief. *See id*. The Court cautioned Adindu that his failure to comply with the Court's order could result in the dismissal of his claims for relief. *Id*. 3. On May 12, 2020, the Court's notice to Adindu was returned as undeliverable. Adindu has failed to provide the Court with any alternative address.

## II.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Here, Adindu has failed to provide the Court with a current address, so the Court is unable to communicate with him and advise him of the requirement to file an amended petition. This litigation cannot proceed until he provides the Court with his current address. Accordingly, the complaint should be dismissed for want of prosecution under Fed. R. Civ. P. 41(b).

## III.

For the foregoing reasons, the Court should dismiss the petition without prejudice for want of prosecution under Fed. R. Civ. P. 41(b).

2

Signed June 22, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).